

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-24-00230-CR

___

VERONICA MARIE SALAZAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 077722-E-CR, Honorable Douglas R. Woodburn, Presiding

September 15, 2025

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Veronica Marie Salazar, Appellant, was convicted of possession of less than one gram of methamphetamine, a controlled substance, and sentenced to two years' confinement.[1]  In this appeal, she challenges the sufficiency of the evidence, the propriety of a line of questioning during her cross-examination, and the assessment of attorney's fees.  We affirm the judgment.

___

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b).

**BACKGROUND**

In March of 2019, Officer Jeremy Strikland of the Amarillo Police Department was conducting surveillance on a location where drug activity was suspected to occur. He observed a pickup truck driven by Appellant stop at the house. A passenger exited the vehicle, entered the house, and returned to the vehicle a few minutes later. Officer Strikland relayed the information to Officer Keith Quirk, who was nearby. Officer Quirk followed the vehicle and conducted a traffic stop after he observed a failure-to-signal violation.

Upon stopping Appellant, Officer Quirk asked her to get out of the vehicle, which she did. Her two passengers remained in the vehicle. Appellant initially gave Officer Quirk a false name, but she eventually revealed her identity. She gave Officer Quirk consent to search the vehicle. Officer Quirk was joined on the scene by Officer Strikland, who conducted the search. Appellant's passengers, Mia and Bryan, then exited the vehicle.

Officer Strikland located a wallet under the front of the driver's seat and brought it to the patrol car. Appellant stated that it was not her wallet. Officer Strikland opened the wallet, which contained Appellant's Texas identification card and Social Security card. It also contained a rolled-up five-dollar bill containing a crystal-like substance which was later determined to be methamphetamine.

At trial, Appellant testified that the wallet was hers but that she did not place the methamphetamine in it. She testified that before the traffic stop, the wallet was inside her purse. When she exited the vehicle to speak to the officer, her purse and wallet were

2

located behind the seat of the truck, not on the floorboard of the truck. Appellant contended that Mia or Bryan, both of whom had access to her wallet, tried to conceal the methamphetamine in Appellant's wallet to avoid trouble for themselves.

The jury found Appellant guilty and she was sentenced to a two-year term of incarceration. This appeal followed.

## ANALYSIS

Sufficiency of the Evidence

By her first issue, Appellant argues that the evidence is insufficient to sustain her conviction. She contends that the jury could not have rationally found beyond a reasonable doubt that she knowingly possessed methamphetamine because evidence that the police did not observe Bryan and Mia's movements inside the vehicle while Appellant was being questioned indicates that Bryan and/or Mia could have planted the methamphetamine. Appellant states that more than thirty minutes elapsed from the time Appellant was removed from the vehicle to the time when her passengers stepped out. During that time, the officers were focused on Appellant and not observing the passengers, who had the ability and opportunity to place the methamphetamine in Appellant's wallet.

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Queeman v. State*, 520 S.W.3d 616, 622

3

(Tex. Crim. App. 2017). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (Cochran, J., concurring). When reviewing all the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26. In our review, we defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See id.* at 899.

When the contraband is not in the exclusive possession of the accused, a factfinder may nonetheless infer that the accused intentionally or knowingly possessed the contraband if there are sufficient independent facts and circumstances justifying such an inference. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). The Court of Criminal Appeals has cited with approval several non-exclusive factors that may establish an affirmative link connecting a defendant to the knowing possession of contraband: (1) the defendant's presence when a search is conducted, (2) whether the contraband is in plain view, (3) the defendant's proximity to and the accessibility of the narcotic, (4) whether the defendant was under the influence of narcotics when arrested, (5) whether the defendant possessed other contraband or narcotics when arrested, (6) whether the defendant made incriminating statements when arrested, (7) whether the defendant attempted to flee, (8) whether the defendant made furtive gestures, (9) whether there was an odor of contraband, (10) whether other contraband or drug paraphernalia were present, (11) whether the defendant owned or had the right to possess the place where the drugs were found, (12) whether the place where the drugs were found was

4

enclosed, (13) whether the defendant was found with a large amount of cash, and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016). The number of factors present in a given case is not as important or compelling as the logical force the factors have in establishing the elements of the offense. *Wootton v. State*, 132 S.W.3d 80, 87 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Moreover, the links need not be so strong as to rule out every other possibility except the defendant's guilt. *Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995). Thus, while these factors may guide our analysis, ultimately the inquiry remains that set forth in *Jackson*, i.e., whether, based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 318–19.

The evidence presented in this case shows several links between Appellant and the methamphetamine found. Appellant was stopped shortly after making a brief stop at a suspected drug house around 2:30 in the morning. Appellant was present when the search was conducted, was in close proximity to and could easily access the drugs, had a right to possess the vehicle she was driving, and owned the wallet in which the drugs were found. Further, Appellant's conduct of lying to the police about her identity and denying ownership of her purse and wallet indicated a consciousness of guilt.

Even considering the defense evidence that Bryan and Mia had access to Appellant's wallet, and weighing it against the State's evidence, we conclude that the jury was rationally justified in finding Appellant's guilt beyond a reasonable doubt. The State is not required to "disprove every conceivable alternative to a defendant's guilt." *Tate*,

5

500 S.W.3d at 413.  Here, the jury heard both the State's and Appellant's theories of the case.  It was the jury's prerogative to choose between reasonably equal competing theories.  *Goodman v. State*, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001).  By its verdict, the jury implicitly rejected Appellant's defensive theory implicating Bryan and Mia and accepted the State's equally plausible theory that Appellant knowingly possessed the methamphetamine that was in her wallet.

After reviewing the evidence above in the light most favorable to the verdict, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, that Appellant was guilty of the charged offense.  We overrule Appellant's first issue.

Propriety of Questioning in Cross-Examination

By her second issue, Appellant asserts that the trial court abused its discretion in permitting the State to cross-examine her with a question that presupposed the truth of a matter that the record showed was false.  Appellant's complaint arises from the following exchange, which occurred during the State's cross-examination of Appellant:

Q: So I want to talk about – you said your wallet was in your purse –

A: Correct.

Q: – before you were stopped.  So what you want this jury to believe is that while you – when you were stopped, you weren't paying attention to what was going on in your vehicle, and someone took your wallet out of your purse, opened it up, put meth in there, closed it, and then put it all the way under the seat of your vehicle.  Is that – that's what you want them to believe?

A: I would believe they reached over the bed of the truck – or the seat of the truck, grabbed my wallet and put something inside of it, and it was now on the floor opened.

6

Q: Underneath your seat.

A: It's a one-bed truck; one-seat truck.

\*\*\*

Q: But someone, without you noticing, did all that in your vehicle and then put it under where you were sitting?

A: While I was being questioned by the police; yes.

Q: Oh, so they did this while you were out of the car being questioned?

A: Yes, sir.

Q: Even though the officers testified that there was always another officer talking to the other people in the vehicle; you're going to disagree with that?

A: That –

 Appellant's Counsel: I'm going to object; that's a mischaracterization of testimony. That was not the testimony offered by the police officers, Your Honor. That is facts not in evidence.

 The Court: Well, again, the Jury can decide; this is cross-examination.

 Appellant's Counsel: Yes, Your Honor.

Q: So, again, the officers were lying?

A: Correct.

The State concedes that the video recording of the stop shows that there was not "always another officer talking to" the passengers in the vehicle. Thus, the prosecutor's statement inaccurately represented that Bryan and Mia were always under observation. Appellant argues that the State's mischaracterization of the evidence affected her entire defensive theory and thereby her substantial rights, requiring reversal of the case. In response, the State asserts that Appellant waived this complaint. We agree with the State.

7

A defendant must object to an allegedly improper statement and pursue the objection to an adverse ruling in order to preserve her right to complain about the statement on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc). In this case, Appellant's counsel objected that the prosecutor had mischaracterized testimony. However, counsel failed to pursue that objection to an adverse ruling. The trial court responded to Appellant's objection by stating that "the Jury can decide . . . ," which was not sufficient to preserve error. *See DeRusse v. State*, 579 S.W.2d 224, 235 (Tex. Crim. App. [Panel Op.] 1979) (statement by trial court that "The jury will remember the testimony that has been elicited" not sufficient to preserve complaint of improper jury argument); *Mayberry v. State*, 532 S.W.2d 80, 84 (Tex. Crim. App. 1975) (issue not preserved for review where trial court responded to objection with statement, "Jury will recall the evidence . . ."); *Kingsbury v. State*, 625 S.W.3d 686, 704 (Tex. App.—Fort Worth 2021, no pet.) (same); *Norman v. State*, No. 14-11-00433-CR, 2012 Tex. App. LEXIS 7968, at *52–53 (Tex. App.—Houston [14th Dist.] Sept. 20, 2012, pet. ref'd) (mem. op., not designated for publication) (same).

By failing to pursue her objection to an adverse ruling, Appellant did not preserve this issue for our review. Consequently, we overrule Appellant's second issue.

Attorney's Fees

In her final issue, Appellant asserts that the Bill of Cost improperly charges her $6,952.50 in attorney's fees. Appellant argues that the evidence is insufficient to sustain such a charge because she was determined to be indigent throughout this proceeding and there is no record evidence showing a material change in her financial circumstances.

8

*See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Appellant requests that "the attorney fee should be deleted from the bill of costs."

We agree with Appellant that there is no record basis to support the assessment of attorney's fees against her in this matter. However, while the Bill of Cost reflects that attorney's fees of $6,952.50 were incurred in this case, it also reflects that the balance owed by Appellant for attorney's fees is $0. Because the Bill of Cost shows that Appellant has no outstanding balance due for attorney's fees, we conclude that it is not necessary to modify the Bill of Cost as requested. *See Manyuon v. State*, No. 07-25-00084-CR, 2025 Tex. App. LEXIS 5978, at *1–2 (Tex. App.—Amarillo Aug. 11, 2025, no pet. h.) (dismissing appeal as moot when basis of appeal was $500 charge for attorney's fees but Bill of Cost showed no balance for attorney's fees owed by appellant). Appellant's third issue is overruled.

## CONCLUSION

Having overruled each of Appellant's three issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.